IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FREDERICK LUSTER and DALLAS PASS, <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN CORADIUS INTERNATIONAL, LLC, a New York limited liability company, <br><br> Defendant. | Civil Action File No. <br><br> *Jury Trial Demanded* |

## COMPLAINT

1. Plaintiffs FREDERICK LUSTER ("LUSTER") and DALLAS PASS ("PASS") allege defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), by initiating non-emergency telephone calls using an automatic telephone dialing system to their cellular telephone numbers without his prior express consent.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 & 1337 and 47 U.S.C. § 227(b)(3).

1

3. Venue in this District is proper because the Plaintiff resides here and the Defendant transacts business here.

## PARTIES

4. Plaintiffs are natural persons who reside in the Northern District of Georgia.

5. LUSTER is a subscriber for his cellular telephone services for telephone number (404) 379-1970.

6. PASS is a subscriber for his cellular telephone services for telephone number (770) 655-6494.

7. Defendant AMERICAN CORADIUS INTERNATIONAL, LLC is a limited liability company organized under the laws of the State of New York and maintaining a Gwinnett County registered agent. [Hereinafter said defendant is referred to as "CORADIUS"].

8. CORADIUS may be served by personal service on its registered agent in the State of Georgia, to wit: Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092 (Gwinnett County).

9. CORADIUS transacts business in the State of Georgia.

10. In the course of its business, CORADIUS directed telephone calls to Plaintiffs' cellular telephone numbers in the State of Georgia.

11. CORADIUS is subject to the jurisdiction and venue of this Court

12. Other defendants may be discovered in the course of litigation, and Plaintiff respectfully prays that the Court will permit the addition of such later discovered parties upon motion.

## FACTUAL ALLEGATIONS

13. In the four year period preceding the filing of this action, CORADIUS either themselves or by and through its agents or vendors has made telephone calls to Plaintiffs' cellular telephone numbers in an attempt to collect debt(s) alleged to be owed by individual persons unknown by and unrelated to Plaintiffs.

14. The telephone calls were made using a Dialogic dialer.

15. The Dialogic dialer has the capacity to predictively dial.

16. The Dialogic dialer has the capacity to store a database of telephone numbers.

17. The Dialogic dialer has the capacity to dial telephone numbers from a stored list either at random or in some sequence.

18. Defendants programs telephone numbers into its dialing system which then dials those numbers at a rate to ensure that a customer representative will be available when a consumer answers the telephone.

19. Defendants' dialing system has the capacity to dial from a list of telephone numbers without human intervention.

20. The telephone calls to Plaintiffs were initiated by Defendants using an automatic telephone dialing system.

21. Plaintiffs never provided permission or consent for CORADIUS to make the telephone calls to their cellular telephone numbers.

22. Defendants knew or should have known about the TCPA before making the calls to plaintiff, but made these autodialed calls to cellular phones in spite of such knowledge.

23. The telephone calls were annoying to plaintiffs, invaded plaintiffs' privacy interests, and temporarily blocked use of their cellular telephone lines for other potential callers.

24. The telephone calls were intentionally, willfully and knowingly initiated.

25. The telephone calls were not initiated by accident or mistake.

## CAUSES OF ACTION

## COUNT ONE: TELEPHONE CONSUMER PROTECTION ACT

26. The acts of Defendants constitute violations of the Telephone Consumer Protection Act.

27. Defendants' violations of the TCPA include, but are not limited to, the following:

    Making and/or initiating telephone calls using an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service, in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 CFR §  64.1200(a)(1)(iii).

28. As a result of Defendant's actions, Plaintiff is entitled to an award of actual damages or $500.00, whichever is greater, for each such violation and an injunction prohibiting future conduct in violation of the TCPA.

29. Defendant's violations were committed willfully and knowingly.

30. Plaintiff requests the court treble damages pursuant to 47 U.S.C. § 227(b)(3).

31. Plaintiff requests that Defendant be enjoined from future TCPA violations.

32. Defendant has acted in bad faith, been stubbornly litigious and/or caused the Plaintiff unnecessary trouble and expense, and Plaintiff requests an award of the expenses of litigation, including a reasonable attorney's fee, pursuant to O.C.G.A. § 13-6-11.

## JURY TRIAL DEMAND

33. Plaintiff hereby demands a trial by jury on all issues so triable.

## DOCUMENT PRESERVATION DEMAND

34. Plaintiff hereby demands that the defendant take affirmative steps to preserve all recordings, data, emails, recordings, phone records, dialer records, documents and all other tangible things that relate to the allegations herein or the making of telephone calls, the events described herein, any third party associated with any telephone call, campaign, telemarketing, account, sale or file associated with plaintiff, and any account or number or symbol relating to any of them.  These materials are very likely relevant to the litigation of this claim.  If defendant is aware of any third party that has possession, custody or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials.  This demand shall not narrow the scope of any independent document preservation duties of the defendant.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of himself and the class he seeks to represent against Defendants, as follows:

  A. Damages pursuant to 47 U.S.C. § 227(b)(3)(B);

  B. Treble damages pursuant to 47 U.S.C. § 227(b)(3);

    C.    Attorney's fees and litigation expenses of suit pursuant to O.C.G.A. § 13-6-11; and

    D.    Costs of this Action pursuant to Fed. R. Civ. P. 54; and

    E.    Such further and additional relief as the court deems just and proper.

Respectfully submitted,

**SKAAR & FEAGLE, LLP**

by:   /s/ James M. Feagle
James M. Feagle
Georgia Bar No. 256916
jfeagle@skaarandfeagle.com
2374 Main Street
Suite B
Tucker, GA 30084
404 / 373-1970
404 / 601-1855 fax

Justin T. Holcombe
Georgia Bar No. 552100
jholcombe@skaarandfeagle.com
Kris Skaar
Georgia Bar No. 649610
kskaar@skaarandfeagle.com
133 Mirramont Lake Drive
Woodstock, GA  30189
770 / 427-5600
404 / 601-1855 fax